IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JO TANKERS AS, § | |
| § | |
| *Interpleader-Plaintiff*, § | |
| § | |
| v. § | Civil Action No. 4:14-CV-03310 |
| § | (ADMIRALTY) |
| BERGEN BUNKERS, AS, § | |
| NUSTAR ENERGY SERVICES, INC., § | |
| O.W. BUNKER USA, INC., and § | |
| ING BANK, § | |
| § | |
| *Interpleader-Defendants*. § | |

### JO TANKERS AS' ANSWER TO ING BANK N.V.'s COUNTERCLAIMS

Jo Tankers AS, as disponent owner and commercial operator of the M/T JO ILEX, files its Answer to ING Bank N.V.s Counterclaims (Docket Entry No. 49) and respectfully would show as follows:

### FIRST DEFENSE

The allegations in ING Bank N.V.'s Counterclaims ("Claim") fail to state claims upon which relief may be granted.  FED. R. CIV. P. 12(b)(6).

### SECOND DEFENSE

Jo Tankers AS ("Jo Tankers") answers the allegations contained in the Claim in correspondingly numbered paragraphs as follows:

1.   Paragraph 1 of the Claim does not pertain to Jo Tankers and, therefore, requires no response.

2.   Paragraph 2 of the Claim does not pertain to Jo Tankers and, therefore, requires no response.

3.   Paragraph 3 of the Claim does not pertain to Jo Tankers and, therefore, requires no response.

4. Paragraph 4 of the Claim does not pertain to Jo Tankers and, therefore, requires no response.

5. As to Paragraph 5 of the Claim, Jo Tankers admits that it filed this interpleader action in this Court. The remaining allegations do not pertain to Jo Tankers and, therefore, require no response.

6. As to Paragraph 6 of the Claim, Jo Tankers adopts and incorporates its answers to Paragraphs 1 through 5. Jo Tankers is not required to respond to ING's averments and affirmative defenses to the Complaint in Interpleader.

7. Paragraph 7 of the Claim contains legal conclusions that require no response.

8. Paragraph 8 does not pertain to Jo Tankers and/or states legal conclusions that do not require a response. To the extent that a response is required, the allegations are denied.

9. Paragraph 9 does not pertain to Jo Tankers and, therefore, requires no response. To the extent that a response is required, the allegations are denied to the extent any relate to Jo Tankers.

10. Paragraph 10 does not pertain to Jo Tankers and/or states legal conclusions that do not require a response.

11. Jo Tankers admits the allegation in Paragraph 11 of the Claim contracted with Bergen Bunkers for the supply of bunker fuel. It is admitted that Bergen Bunkers submitted an invoice to Jo Tankers.

12. As to Paragraph 12 of the Claim, because Jo Tankers received multiple demands for payment for the same fuel transaction, it is admitted that Bergen Bunkers has not been paid directly by Jo Tankers pending the outcome of this interpleader action. It is further admitted that funds for the bunker supply have been deposited into this Court's Registry.

13. The allegations in Paragraph 13 of the Claim are denied.

14. The allegations in Paragraph 14 contain legal conclusions that require no response. As to the remaining allegations, Jo Tankers adopts and incorporates its answers to Paragraphs 1 through 13. Jo Tankers is not required to respond to ING's averments and affirmative defenses to the Complaint in Interpleader.

15. Jo Tankers contends that the document referred to in Paragraph 15 of the Claim speaks for itself.

16. Jo Tankers contends that the document referred to in Paragraph 16 of the Claim speaks for itself. To the extent the allegations contain legal conclusions, they require no response.

17. Jo Tankers contends that the document referred to in Paragraph 17 of the Claim speaks for itself.

18. Jo Tankers contends that the document referred to in Paragraph 18 of the Claim speaks for itself.

19. Jo Tankers contends that the document referred to in Paragraph 19 of the Claim speaks for itself. To the extent the allegations contain legal conclusions, they require no response.

20. Jo Tankers contends that the document referred to in Paragraph 20 of the Claim speaks for itself. To the extent a response is required, Jo Tankers is unable to admit or deny any part of Paragraph 20 as the document referenced was neither attached to the Claim nor otherwise produced.

21. Jo Tankers contends that the document referred to in Paragraph 21 of the Claim speaks for itself. To the extent a response is required, Jo Tankers is unable to admit or deny any part of Paragraph 21 as the document referenced was neither attached to the Claim nor otherwise produced.

22. Jo Tankers contends that the document referred to in Paragraph 22 of the Claim speaks for itself. To the extent a response is required, Jo Tankers is unable to admit or deny any part of Paragraph 22 as the document referenced was neither attached to the Claim nor otherwise produced.

23. The allegations in Paragraph 23 do not pertain to Jo Tankers and, therefore, require no response. To the extent the allegations contain legal conclusions, they require no response. To the extent a response is required, Jo Tankers is unable to admit or deny any part of Paragraph 23 as the documents referenced were neither attached to the Claim nor otherwise produced.

24. As to Paragraph 24 of the Claim, because Jo Tankers received multiple demands for payment for the same fuel transaction, it is admitted that Bergen Bunkers has not been paid directly by Jo Tankers pending the outcome of this interpleader action. It is further admitted that funds for the bunker supply have been deposited into this Court's Registry.

25. Paragraph 25 of the Claim is denied.

26. Paragraph 26 of the Claim contains legal conclusions that require no response. To the extent a response is required, the allegations are denied.

27. Jo Tankers adopts and incorporates its answers to Paragraphs 1 through 26. Jo Tankers is not required to respond to ING's averments to the Complaint in Interpleader.

28. The reservations made in Paragraph 28 of the Claim do not pertain to Jo Tankers and require no response.

Jo Tankers denies that ING Bank N.V. is entitled to the relief requested in Paragraphs (1), (2)(a)-(d), and (5) (sic) of its Prayer.

## THIRD DEFENSE

29. As a further defense and without waiving the foregoing, Jo Tankers is not liable to ING Bank N.V. as alleged.

## FOURTH DEFENSE

30. As a further defense and without waiving the foregoing, Bergen Bunkers neither obtained nor supplied bunker fuel to the M/T JO ILEX.

## FIFTH DEFENSE

31. As a further defense and without waiving the foregoing, as matter of law and/or equity, Jo Tankers is not required to pay multiple times for the same fuel transaction.

## SIXTH DEFENSE

32. As a further defense and without waiving the foregoing, it is disputed that Bergen Bunkers and/or ING holds a maritime lien.

## SEVENTH DEFENSE

33. As a further defense and without waiving the foregoing, Jo Tankers reserves the right to challenge and raise additional defense to the terms and conditions referenced in ING counterclaims.

## EIGHTH DEFENSE

34. As a further defense and without waiving the foregoing, ING has failed to mitigate its claimed damages.

## NINTH DEFENSE

35. As a further defense and without waiving the foregoing, the damages claimed by ING are exaggerated and excessive. Neither ING nor its assignor supplied bunker fuel to the M/T JO ILEX.

## TENTH DEFENSE

36. As a further defense and without waiving the foregoing, there is no privity of contract between ING and Jo Tankers.

For these reasons, Jo Tankers prays that this Court: (1) dismiss ING Bank N.V.s counterclaim with prejudice; (2) determine the conflicting claims between O.W. Bunker, ING, NuStar or any other claimant to the payment for the supply of bunker fuel to the M.T. JO ILEX; (3) enter an award in Jo Tanker's favor for its reasonable and necessary attorneys' fees and costs under the controlling substantive law; and (4) award Jo Tankers all other and further relief, at law, in equity, or in admiralty, that it may show itself justly entitled to receive.

Respectfully submitted,

*/s/ James T. Bailey*
William A. Durham
State Bar No. 06281800
Fed. ID No. 4172
James T. Bailey
State Bar No. 24031711
Fed. ID No. 30347
The Niels Esperson Building
808 Travis Street, Suite 1300
Houston, Texas  77002
(713) 225-0905 – Telephone
(713) 225-2907 – Facsimile
durham@easthamlaw.com
bailey@easthamlaw.com

*Attorneys for Jo Tankers AS*

OF COUNSEL:

EASTHAM, WATSON, DALE & FORNEY, L.L.P.

## **CERTIFICATE OF SERVICE**

      I, the undersigned, do hereby certify that I served a true and correct copy of the foregoing Answer was served upon the following counsel of record on this **4th** day of **September, 2015.**

*Via ECF Filing System*
Keith Letourneau
BLANK ROME LLP
717 Texas Avenue, Suite 1400
Houston, Texas  77002

*Via ECF Filing System*
Bruce G. Paulsen
Brian P. Maloney
SEWARD & KISSEL LLP
One Battery Park Plaza
New York, NY 10004

*Via ECF Filing System*
David B. Sharpe
LUGENBUHL, WHEATON, PECK,
RANKIN & HUBBARD
601 Poydras Street, Suite 2775
New Orleans, Louisiana 70130

*Via ECF Filing System*
Benjamin W. Kadden
Joe Wearmouth
LUGENBUHL, WHEATON, PECK,
RANKIN & HUBBARD
815 Walker, Suite 1447
Houston, Texas 77002

                                                    /s/ *James T. Bailey*
                                                          James T. Bailey